UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
DAVID F. ADAM, MICHAEL ANGELOS, JAMES CAMPBELL, DAVID CICALESE, PATRICK DOLAN, ANISSA FRUCCI, ROGER J. GIESINGER, JAMES R. GRAY, JR., BENNY HOLLAND, JR., SHAREEN LARMOND, JOHN NARDI, BERNARD O'DONNELL, JAMES H. PAYLOR, JR., KENNETH RILEY, ALAN ROBB, WILLIE SEYMORE, MICHAEL VIGNERON, AS TRUSTEES OF THE MANAGEMENT-ILA MANAGED HEALTH CARE TRUST FUND, FOR AND ON BEHALF OF THE MANAGEMENT-ILA MANAGED HEALTH CARE TRUST FUND

        Plaintiffs,

  v.

JAMES TIGHE AND GCT NEW YORK LP,

        Defendants.
------------------------------------------------------------------X

**Civil Action No.: _____**

# COMPLAINT

Plaintiffs David F. Adam, Michael Angelos, James Campbell, David Cicalese, Patrick Dolan, Anissa Frucci, Roger J. Giesinger, James R. Gray, Benny Holland Jr., Shareen Larmond, John Nardi, Bernard O'Donnell, James H. Paylor, Jr., Kenneth Riley, Alan Robb, Willie Seymore, and Michael Vigneron, the trustees of the Management-ILA Managed Health Care Trust Fund (hereinafter "MILA" or "Fund"), file this Complaint, for and on behalf of MILA, against Defendants James Tighe and GCT New York, LLP as follows:

1023-040-3
95465

## JURISDICTION

1. This is an action brought under 29 U.S.C. § 1132 (a)(3), of the Employer Retirement Income Security Act ("ERISA") § 502(a)(3) to enforce the terms of the plan document that governs MILA and to obtain appropriate equitable relief.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(e), 1132 (a)(3), because this is a civil action arising under the laws of the United States in that it is an action to enforce the terms of an employee benefit plan under ERISA.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 (a).

4. Venue is proper in this district under 29 U.S.C. § 1132 (e)(2) because the events giving rise to this action took place within this district, MILA's offices are located in this district at 111 Broadway, 5th Floor, New York, New York 10006 and all defendants either reside or conduct business in this district.

## PARTIES

5. Plaintiffs Alan Robb, Anissa Frucci, Benny Holland Jr., Bernard O'Donnell, David F. Adam, David Cicalese, James Campbell, James H. Paylor, Jr., James R. Gray, John Nardi, Kenneth Riley, Michael Angelos, Michael Vigneron, Patrick Dolan, Roger J. Giesinger, Shareen Larmond and Willie Seymore, (collectively "Plaintiffs") are trustees of MILA. As trustees, Plaintiffs are fiduciaries of MILA within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

6. MILA is a joint labor-management trust fund created pursuant to Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and a multiemployer employee welfare benefit plan, as defined in Sections 3(1), 3(3), and 3(37) of the ERISA

(*see* 29 U.S.C. §§ 1002(1), (3), and (37)), created and maintained for the purpose of providing welfare benefits to eligible participants and their qualified dependents in accordance with MILA's plan documents and the collective bargaining agreement between the United States Maritime Alliance, Ltd. ("USMX") and the International Longshoremen's Association, AFL-CIO ("ILA"), known as the "Master Contract."

7. MILA provides benefits for eligible workers employed as longshoremen and related crafts in various ports on the Atlantic and Gulf Coasts of the United States, including the Port of New York and New Jersey.

8. Defendant GCT New York LP (hereinafter "GCT"), is a container terminal operator formerly known as New York Container Terminals, Inc. with a principal place of business located at 300 Western Ave, Staten Island, NY 10303. GCT is bound by the provisions of the Master Contract.

9. Defendant James Tighe ("Tighe") is a resident of the state of New York, who resides at 185 Lamped Loop, Staten Island, NY 10314. Tighe is a member of the ILA and was a participant in MILA at all times relevant to this complaint.

## NATURE OF THE CASE

10. On May 3, 2012 while employed by, and performing longshore work for GCT at GCT's Staten Island terminal Tighe was injured at the workplace.

11. On May 4, 2012, Tighe notified GCT of his injury.

12. Tighe filed a claim for workers' compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA) 333 U.S.C. § 901, et seq., with the Department of Labor – Office of Workers' Compensation, Division of Longshore and Harbor Workers' Compensation.

13. GCT is an employer within the meaning of the LHWCA, 33 U.S.C. § 902(4). As an employer, GCT is required to pay for any treatment in connection with an employee's workplace injury.

14. GCT initially denied coverage.

15. Between May 15, 2012, and June 19, 2012, Tighe received treatment from several health care providers in connection with his workplace injury.

16. MILA does not provide benefits for injuries arising in the course of a participant's employment if the injury is covered by the LHCWA or other workers' compensation laws. However, when a workers' compensation claim for benefits is controverted, MILA advances benefits to a covered individual.

17. MILA advanced benefits in the amount of $206,911.90 to Tighe in connection with his treatment for the May 3, 2012 injury.

18. The MILA Plan requires that MILA be reimbursed for benefits advanced by MILA on behalf of participants when such funds are paid for injuries that arise during the course of a participant's covered employment:

Plan Article 9, Section 9.01 states:

> The Plan may advance benefits to or on behalf of a covered individual or the covered individual's eligible Dependent who, as the result of an act or omission of a third party, is injured or becomes ill. If the Plan advances medical benefits, it has a right to subrogation and reimbursement to the full extent of all payments made by the Plan. The Plan's right to subrogation and reimbursement provides the Plan with a priority over any funds received by the covered individual or the covered individual's eligible Dependent from any third party (including but not limited to a negligent third party or an insurance company) when such funds are paid because of or the payment relates to the act or omission of the third party.

Plan Article 9, Section 9.03.02 states:

> If benefits are paid by the Plan and the covered individual or the covered individual's eligible Dependent recovers from a third party by settlement,

judgment, insurance proceeds or otherwise, the Plan has the right to recover from the covered individual or the covered individual's eligible Dependent an amount equal to the amount paid by the Plan. The covered individual's or the covered individual's eligible Dependent's right to be made whole is superseded by the Plan's right to reimbursement.

19. The MILA Summary Plan Description (SPD) summarizes the subrogation and reimbursement provisions set forth within the MILA Plan, and the SPD is distributed to all MILA participants.

20. As a MILA participant, Tighe received a copy of the MILA SPD. As such, Tighe was put on notice of MILA's right to subrogation and reimbursement for benefits wrongfully paid by MILA on his behalf.

21. MILA's hospital and medical benefits are administered by a third-party vendor: Cigna.

22. Upon learning of Tighe's claim for benefits under the LMWCA, MILA's third-party lien and subrogation vendor, at that time known as Xerox Recovery Services, contacted Tighe and his attorney to inform them of MILA's right to subrogation and reimbursement in the event of any recovery by Tighe in connection with his May 3, 2012 injury.

23. Xerox Recovery Services has since changed its name to Conduent Payment Integrity Solutions, hereinafter referred to as "Conduent".

24. On May 15, 2017, Tighe and GCT entered into a settlement agreement within which GCT agreed to indemnify and hold harmless Tighe from any medical cost and liens connected with Tighe's May 3, 2012 injury.

25. Specifically, the settlement agreement provided as follows:

> Employer agrees to indemnity [sic] and hold harmless claimant from any medical costs, medical provider liens and/or expenses associated with medical care provided to claimant in connection

>with his work related accident of May 3, 2012, as set forth in the medical provider lien letter and itemization dated June 15, 2016 from Xerox Recovery Services on behalf of Cigna. Employer agrees to, with due diligence, pay and/or resolve all unpaid medical bills by any medical provider identified on the itemization attached hereto and medical provider liens as set forth herein in accordance with Section 7 of the LHWCA. Employer will further defend indemnity and hold claimant harmless from all costs and expenses associated· with any and all legal action taken against claimant by any of the medical providers (or any entity on their behalf) identified herein.

26. Accordingly, MILA is entitled to be reimbursed for the medical benefits MILA advanced for treatment of Tighe's workplace injury.

27. On May 14, 2018, when Conduent discovered that the LHWCA claim had settled for $430,114.10, Conduent sent a letter to Tighe's attorney demanding full reimbursement for MILA's lien which totaled $206,911.90.

**COUNT ONE FOR EQUITABLE RELIEF
TO ENFORCE THE TERMS OF THE MILA PLAN
AGAINST BOTH DEFENDANTS**

28. MILA re-alleges and incorporates by reference paragraphs 1-27 as if fully stated herein.

29. Pursuant to ERISA § 502 (a)(3), 29 U.S.C. § 1132 (a)(3), a fiduciary such as the MILA Trustees is entitled to commence a civil action to enforce the terms of a plan and to seek other appropriate equitable relief, which includes ordering restitution or an equitable lien under the circumstances of the facts alleged herein.

30. By failing to reimburse MILA for benefits paid out by MILA on Tighe's behalf, when the claim for medical expenses was the responsibility of GCT as Tighe's employer and were settled within the parties' settlement agreement, Tighe has violated the terms of the MILA Plan, thus entitling MILA to appropriate equitable relief

including, but not limited to, the imposition of an equitable lien upon the amount of the proceeds that were paid to Tighe pursuant to the terms of the settlement agreement and also over the proceeds that were specifically retained by GCT for payment of plaintiff's lien.

31. MILA seeks equitable relief in the form of an equitable lien upon the portion of the settlement proceeds currently in possession of both Defendants, which in good conscience belongs to MILA.

32. MILA also seeks a constructive trust on the settlement proceeds in the possession of the Defendants.

33. Despite MILA attempts to recover the amount owed from Tighe and GCT, the Defendants have failed to date to repay MILA any amount for the trust assets wrongfully obtained by and for the benefit of the Defendants.

34. Therefore, the full amount of $206,911.90 in benefits paid remains due and owing to MILA.

## COUNT TWO AGAINST DEFENDANT GCT
## TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT

35. MILA re-alleges and incorporates by reference paragraphs 1-34 as if fully stated herein.

36. In connection with the settlement of Tighe's LHWCA claim against GCT, the settlement agreement provided that "[GCT] agrees to indemnity [sic] and hold harmless [Tighe] from any medical costs, medical provider liens and/or expenses associated with medical care provided to claimant in connection with his work related accident of May 3, 2012 as set forth. . . [by] Xerox Recovery Services [n/k/a/ Conduent] on behalf of Cigna."

37. Therefore, MILA, and MILA's right to assert a lien to recover benefits wrongfully paid on Tighe's behalf that were the responsibility of GCT, was known to be and intended as a beneficiary of the settlement agreement.

38. GCT agreed to "defend indemnity [sic] and hold [Tighe] harmless from all costs and expenses associated· with any and all legal action taken against [Tighe] by any of the medical providers (or any entity on their behalf) identified herein."

39. The settlement agreement further provided that GCT pay the total sum of $430,114.10 to Defendant Tighe.

40. In consideration for the settlement amount and GCT's agreement to affirmatively defend Tighe in any future action to recover MILA's lien, Tighe agreed to resign and to never again seek employment with GCT.

41. In addition to the payment of the sum of $430,114.10, GCT promised to assume full responsibility for any monies correctly claimed by MILA for medical treatment in connection with Tighe's May 3, 2012 injury.

42. Under the terms of the MILA Plan, MILA is entitled to recover from Tighe the total amount of benefits paid to Tighe in connection with his May 3, 2012 injury.

43. The possibility of a claim against Tighe by MILA for reimbursement for Tighe's treatment was contemplated by Tighe and GCT as parties to the settlement agreement.

44. By virtue of the settlement agreement, GCT assumed any obligations of Tighe arising from the treatment rendered to Tighe in connection with his May 3, 2012 injury.

45. MILA paid $206,911.90 to medical providers for the care and treatment rendered to Tighe in connection with his May 3, 2012 injury.

46. MILA, as the party that would suffer harm if the payment of $206,911.90 was not reimbursed, is an intended third-party beneficiary of the settlement agreement between Tighe and GCT.

47. On May 14, 2018, MILA demanded that both GCT and Tighe repay MILA for all care and treatment provided to Tighe in connection with his May 3, 2012 injury.

48. Although informed of the amount of the claim and although duly demanded by MILA, GCT failed to reimburse MILA in any amount.

49. By reason of the foregoing, MILA is still owed the sum of $206,911.90.

50. By refusing to pay and resolve all unpaid liens on Tighe's behalf, GCT has breached its agreement to pay and resolve all unpaid liens, which was intended to inure to the benefit of MILA.

51. MILA has been harmed by GCT in an amount of $206,911.90.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(a). On the first count, that the Court enter an Order imposing an equitable lien on the settlement proceeds from the settlement agreement, and all money regained by GCT for payment of medical bills and liens which in good conscience belong to MILA and that are currently being held or are in the possession or control of any of the Defendants;

(b). On the first count, that all monies upon which the equitable lien has been imposed be transferred to Plaintiffs;

(c).  On the second count, that the Court enter judgment against GCT in the amount of $206,911.90 for breach of the contract created by the settlement agreement, together with interest;

(d).  Awarding Plaintiffs reasonable and necessary attorney fees, costs and expenses incurred in the prosecution of their claims against Defendants Tighe and GCT; and

(e).  Granting such other and further relief as to the Court seems just and proper, together with costs and disbursements of this action.

                MARRINAN & MAZZOLA MARDON, P.C.,

                By: /s/John P. Sheridan
                      Kevin Marrinan
                      John P. Sheridan
                      26 Broadway, 17th Floor
                      New York, New York 10004
                      Phone: (212) 425-3240
                      Facsimile: (212) 509-8952
                      kmarrinan@mmmpc.com
                      jsheridan@mmmpc.com
                      ATTORNEYS FOR PLAINTIFFS

June 20, 2019