```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DAVID F. ADAM, et al.,                                      :
                                                            :
                              Plaintiffs,                   :
                                                            :          19-cv-5664 (VSB)
              -against-                                     :
                                                            :               **ORDER**
GCT NEW YORK LP, JAMES TIGHE,                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2020

VERNON S. BRODERICK, United States District Judge:

Before me is Defendants' motion to vacate the Clerk's entry of default. (Doc. 25.) For the reasons that follow, Defendants' motion is GRANTED.

**I.      Procedural History**

Plaintiffs filed the complaint in this case on June 20, 2019.[1] (Doc. 3.) On September 12, 2019, Defendants were served with a summons and the complaint.[2] (Doc. 10, at 3.) On September 13, 2019, I granted the parties' joint request for an extension to Defendants' time to answer or otherwise appear in this case. (Doc. 12.) I granted a second request for extension on November 12, 2019. (Doc. 15.) Although Defendants were required to answer or otherwise appear in this case no later than December 2, 2019, Defendants failed to answer or otherwise appear in this case by that date. Accordingly, on December 11, 2019, the Clerk's office entered certificates of default against Defendants GCT New York LP and James Tighe. (Docs. 19, 20.) The next day, I issued an order directing Plaintiffs to my individual rule regarding default

---

[1] Plaintiffs originally filed their complaint on June 18, 2019, but this filing was rejected by the Clerk's office as deficient. (Doc. 1.)

[2] Although service was made on Defendants' counsel on September 12, 2019, Defendants agreed to service of process by and through their counsel in the September 13, 2019 stipulation. (Doc. 12.)

judgments. (Doc. 21.) On December 13, 2019, Plaintiffs filed a proposed order to show cause, (Doc. 22), and on the same day Defendants filed the instant motion with a supporting declaration and an exhibit, which contained a draft answer to Plaintiffs' complaint, (Doc. 25). On December 27, 2019, Plaintiffs filed a memorandum of law in opposition to Defendants' motion, and a supporting declaration. (Docs. 27, 28.) On December 31, 2019, Defendants filed a reply memorandum of law. (Doc. 29.)

## II. Discussion

Where a default judgment has yet to be entered, Rule 55(c) of the Federal Rules of Civil Procedure governs vacatur of a defendant's default. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (Under Rule 55(c), "[a] court may set aside any default that has entered for good cause shown . . . ."); *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b).") "A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (summary order) (citing *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984)). Under Rule 55(c), a court may set aside an entry of default if it finds that good cause exists, Fed. R. Civ. P. 55(c), based on a review of the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467 F. App'x. at 33. The Second Circuit generally disfavors defaults and maintains a strong preference for resolving disputes on the merits. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). "[W]hen doubt exists as to whether a default should be

granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

First, I find that Defendants' failure to timely answer Plaintiffs' complaint was not willful. "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless." *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007) (emphasis in original) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith. *See Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531–532 (E.D.N.Y. 2002); *see also In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, Nos. 00-Civ-1898(SAS), 07 Civ. 9453(SAS), 2010 WL 3790828, at *2 n.29 (S.D.N.Y. Sept. 27, 2010). Here, Defendants' failure to timely file an answer was caused by defense counsel's clerical error, in which counsel erroneously recorded his deadline to file the answer as ten days after the deadline entered by the Court. (Karpousis Decl. ¶¶ 19–20.)[3] Counsel immediately realized his mistake upon Plaintiffs' filing of the proposed certificates of default, however, and subsequently contacted Plaintiffs' counsel to attempt to rectify the default. (*Id.* ¶¶ 21–22.) Plaintiffs do not seriously dispute the reason for Defendants' delay.

Second, the delay caused by Defendants has not prejudiced the Plaintiffs' case. Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron Oil Corp.*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting

---

[3] "Karpousis Decl." refers to the Declaration of John F. Karpousis in Support of Motion to Vacate Entry of Default. (Doc. 25-1.)

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Defendants filed a draft answer to Plaintiffs complaint as an exhibit to the instant motion. (Doc. 25-1, Ex. A.) This eleven-day delay has not caused Plaintiffs cognizable prejudice, a fact that Plaintiffs do not dispute. *Cf. Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (opining that "it would be almost impossible to establish [] prejudice . . . [where] [Defendant] filed an appearance with the Court less than one month after [Plaintiff] filed its motion for a default judgment."). The fact that Plaintiffs twice consented to extensions in this case buttresses my conclusion that no prejudice was caused by Defendants' delay.

Third, Defendants have identified a meritorious defense. A movant need not show that its defense is "likel[y] . . . [to] carry the day," *Johnson*, 324 F.R.D. at 71–72 (quoting *Enron Oil Corp.*, 10 F.3d at 98), but rather must "present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citation omitted). "A defense is meritorious if it is good law so as to give the fact finder some determination to make." *Am. Alliance Ins. Co.*, 92 F.3d at 61 (2d Cir. 1996) (citation omitted). A defense must be "articulate[d] . . . with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." *FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674(RJS), 2013 WL 5405699, at *8 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted). Here, Defendants meet this "low threshold," *Johnson*, 324 F.R.D. at 72, because they have presented evidence of facts that, if true, could foreclose Plaintiffs' claims pursuant to the Supreme Court's holdings in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), and *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016). Plaintiffs have not even attempted to

distinguish the instant case from the precedent cited by Defendants.

Because the three good cause factors weigh in Defendants' favor, I find that Defendants have demonstrated good cause under Rule 55(c), and accordingly set aside the Clerk's entry of default.

**III.　Conclusion**

For the foregoing reasons, Defendants' motion to vacate entry of default, (Doc. 25), is GRANTED.  Defendants are directed to answer, move, or otherwise respond to the complaint within five (5) days of this order.

The Clerk of Court is respectfully directed to terminate the motion at Document 25.

SO ORDERED.

Dated:　January 6, 2020
　　　　New York, New York

Vernon S. Broderick
United States District Judge